**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 96-11447**

---

**MICHAEL BLANKENSHIP, doing business as Environmental Pest
Control Systems Inc., Individually; ENVIRONMENTAL PEST
CONTROL SYSTEMS INC.; ELIZABETH M. T. O'NAN;
ELIZABETH MARGARET STUART IGLESIAS,**

**Plaintiffs-Appellants,**

**versus**

**SENTRY INSURANCE CO., Mutual Company,**

**Defendant-Appellee.**

---

Appeal from the United States District Court
for the Northern District of Texas

(3:95-CV-0411-R)

---

September 15, 1997

Before DeMOSS and DENNIS, Circuit Judges, and ROSENTHAL[*], District
Judge.

PER CURIAM:[**]

In this declaratory judgment action concerning liability

insurance coverage, Appellants Michael Blankenship, Environmental

---

[*]District Judge for the Southern District of Texas, sitting by
designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pest Control Systems, Inc., Elizabeth M. T. O'Nan and Elizabeth Margaret Stuart Iglesias, argue that the district court erred when it granted summary judgment in favor of Appellee Sentry Insurance Co. on the basis that Appellants were not covered under the policy during the relevant time period.

This case arises from an underlying state lawsuit in which Elizabeth M.T. O'Nan ("O'Nan") and Elizabeth Margaret Stuart Iglesias ("Iglesias") obtained a judgment of $2.2 million against Environmental Pest Control Systems, Inc. ("EPC") for alleged misapplication of various pesticides by Michael Blankenship ("Blankenship") and EPC.

This case concerns two comprehensive general liability insurance policies issued by Appellee Sentry Insurance Co. ("Sentry") to Blankenship and EPC, the named insured. The first policy, No. 42-99561-02, provided coverage from March 31, 1984 to March 31, 1985. The second policy, No. 42-99561-03, provided coverage from March 31, 1985 to June 1, 1985.[1]

---

[1] The applicable portion of the policy states:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
>
> Coverage A.  bodily injury or
> Coverage B.  property damage
>
> to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if the allegations of the

2

On April 9, 1985, Sentry sent EPC a letter stating that it would not renew the policy when it expired on June 1, 1985.

On August 8, 1985, O'Nan and Iglesias purchased a home in Kaufman County, Texas and moved into it a few days later. O'Nan and Iglesias then hired EPC to treat the property for insect infestation. It is undisputed that EPC made three separate applications on the following dates: August 23, 1985, November 4, 1985, and February 18, 1986. The parties dispute whether the property had received any treatment before August 8, 1985, the date when O'Nan and Iglesias moved into the house.

Shortly after moving in, O'Nan and Iglesias began experiencing severe health problems. They brought an action in state court against EPC, Blankenship, Sentry, and various other defendants to recover for alleged personal injury and property damage. Sentry would not defend EPC because it asserted that the policy coverage had expired by the time O'Nan and Iglesias had purchased the property, the earliest date that any damage could have occurred.

On December 31, 1994, judgment was entered against EPC for over $2.2 million. Sentry brought this declaratory judgment action in federal court seeking a declaration that Sentry had neither a duty to defend EPC and Blankenship in the underlying suit, nor a duty to indemnify them now. The parties were re-aligned into their current positions on October 25, 1995.

---

suit are groundless, false, or fraudulent.

On cross-motions for summary judgment, the district court denied the motion of EPC and Blankenship and granted the motion of Sentry. In its order, the district court held that Sentry had no duty to defend because the policy had expired, by its own terms, on June 1, 1995, and the damage could not have occurred until after August 8, 1995 (the move-in date). Consequently, the district court also held that Sentry had no duty to indemnify.

On appeal, Appellants assert that the district court erred in granting summary judgment in favor of Sentry. Appellants argue that, in spite of the plain language of the contract, there exists a fact question as to whether EPC and Blankenship were still covered under the Sentry policy.

We have carefully reviewed the briefs, the reply brief, the record excerpts, and relevant portions of the record itself. We are satisfied that the judgment of the district court should, in all things, be **AFFIRMED**.